[Sac. No. 1249.  In Bank.—March 17, 1904.]

In the Matter of the Estate of WILLIAM C. TURNER, Deceased. REGENTS OF UNIVERSITY OF CALIFORNIA, Appellants, v. ELIZABETH TURNER, Respondent.

ESTATES OF DECEASED PERSONS—PETITIONS FOR LETTERS—SUPERIOR RIGHTS OF WIDOW.—The widow of the decedent has the superior right to letters of administration over all other petitioners for letters.

ID.—HEARING OF PETITIONS—AMENDED PETITION OF WIDOW—NOTICE OF FUTURE HEARING—WAIVER—JURISDICTION.—Where the original petition of the widow and all other petitions for letters had been set for hearing on a certain date, and before that date the widow filed and served an amendment to her petition, setting forth no additional jurisdictional facts, and gave an unnecessary notice of a future hearing thereof, she may waive such notice and consent to the original hearing fixed by the court, and the court has jurisdiction to treat the amended petition as an amendment merely of the original petition, and to disregard the notice and hear all of the petitions at the time fixed, and may then appoint the widow as administratrix, where no objection was made except to the jurisdiction of the court.

APPEAL from an order of the Superior Court of Merced County granting letters of administration. E. N. Rector, Judge.

The facts are stated in the opinion.

Osgood Putnam, and Charles E. Snook, for Appellants.

J. W. Knox, for Respondent.

CHIPMAN, C.—This is an appeal by the regents of the University of California from the order granting letters of administration of the estate of William C. Turner, deceased, to Elizabeth Turner, surviving widow of deceased.

The following proceedings took place leading to the appointment: On April 16, 1902, Mrs. Turner filed her petition for letters, through her attorney, James F. Peck, Esq.; on April 30, 1902, J. W. Knox, Esq., was substituted as her attorney, and she on that day dismissed her petition filed April 16, 1902; on April 28th, Edward W. Putnam, at the request of the regents, claiming to be a creditor of said estate, filed his petition praying for letters to be issued to him; on April 30, 1902, said Elizabeth Turner, as surviving widow of deceased, filed her petition for letters, stating therein, among other things, that she "contests the petition of Edward W. Putnam, filed herein April 28, 1902"; on May 5th, W. J. Stockton, public administrator of Merced County, filed his petition praying for letters in said estate, and also contesting the petitions of said Putnam and said Elizabeth Turner; on May 17, 1902, Thomas C. Turner, son of deceased, filed his petition for letters, also contesting the petition of said Putnam and said Stockton. The hearing of each of said petitions (except the petition dismissed as aforesaid) was duly fixed for hearing, and the hearing was duly postponed to June 9, 1902. On May 31, 1902, said Elizabeth Turner filed an amended petition for letters, and among other things contested the petition of said Putnam and said Stockton. The clerk of the court, on filing said amended petition of said Elizabeth, fixed the eighteenth day of June, 1902, as the time for hearing the same, and on June 6, 1902, he posted notices of the hearing for that day. Copies of the amended petition of said Elizabeth were served on the parties contesting the appointment on said thirty-first day of May, 1902. On June 9, 1902, said Putnam filed his petition contesting the amended petition of said Elizabeth for letters. It also appears that on May 6, 1902, said Stockton filed his petition contesting the petition of said Elizabeth, filed April 30, 1902, and also contesting her petition for special letters, filed

May 5th (which latter petition is not in the record). It further appears that on June 9, 1902, the said petitions, filed as aforesaid, between April 28, 1902, and May 17, 1902, were on the calendar, and were called for hearing by the court, and thereupon the regents of the University of California appeared at the hearing ''for the express purpose of objecting to the jurisdiction of the court to proceed at this time with the hearing of said petitions or any of them, and thereupon objected to the hearing . . . prior to June 18, 1902, on the ground that on May 31, 1902, a petition for letters of administration (a copy of which is above set forth, being said amended petition) was filed herein by Elizabeth Turner, and that said petition had been duly set for hearing on June 18, 1902, and notice was posted accordingly, and that said date had not arrived, and that all petitions . . . must be heard together, and the court was without power to hear any of said petitions until June 18, 1902.'' Proof of posting notice of the hearing for June 9th was made. The attorney for said Elizabeth Turner stated in open court that the petition filed May 31, 1902, was filed simply as an amendment to her original petition filed April 30, 1902, and was intended to obviate certain objections raised to her original petition by the contest of said Stockton, and was not intended to supersede the original petition; that she was willing to proceed with the hearing of said petition filed April 30, 1902, and said amendment filed by her on May 31, 1902, as one and the same petition. ''The judge presiding thereupon stated that he considered that Elizabeth Turner had really but one petition before the court, and that he would proceed to hear the same as one petition, and also hear the petition filed by the said Putnam, said W. J. Stockton, as public administrator, and said Thomas C. Turner, and determine the whole matter, and that the petition filed by said Elizabeth Turner was sufficient in form and substance and that said amendments contained in said amended petition were immaterial and not necessary, and did not change in any manner the issues before the court.'' The objections to the hearing were overruled and the hearing ordered to proceed, the regents excepting to the order.

The court found certain facts, and in its conclusions of law found that said Elizabeth Turner was entitled to letters, and

it was accordingly so ordered. The regents alone appeal from the order.

Appellant relies upon section 1374 of the Code of Civil Procedure, which reads: ''Any· person interested may contest the petition [i. e. the petition for letters, section 1373], by filing written opposition thereto, on the ground of the incompetency of the applicant, or may assert his own rights to the administration, and pray that letters be issued to himself. In the latter case the contestant must file a petition, and give the notice required for an original petition, and the court must hear the two petitions together.'' It is contended that this provision is mandatory, and the court had no discretion to disregard the notice of hearing the amended petition of Elizabeth Turner set for nine days later than the date the hearing actually took place.

The court treated the amended petition of the widow as an amendment merely of her original petition, and, disregarding the notice of the hearing of the amended petition, proceeded to hear her original petition, together with all other petitions, on the day fixed for such hearing. In the petition of Stockton, he set forth certain facts showing that there had been an administrator appointed in 1894, who had acted as such administrator until April 12, 1902, when he died. In her original petition Mrs. Turner made no mention of any prior administration. In the amended petition the facts were fully stated, and that she was applying for letters to complete an unfinished administration; the amended petition also contained a contest and opposition to the appointment of Putnam and Stockton. The value of the estate was stated to be much greater than in the original petition. The facts necessary to the jurisdiction of the court, however, sufficiently appeared in the original petition, and no additional necessary jurisdictional fact appeared in the amended petition.

Under the statute, fixing the order in which persons are entitled to administer, the widow was entitled to letters before any other of the petitioners applying, her competency otherwise not being disputed; a postponement of the hearing until June 18th would have served no purpose not attainable on June 9th. The parties were all before the court by appearance and by plea; the amended petition of the widow had

been duly served. We do not think a new notice of hearing was necessary; but notice having been given, we think the widow could waive its hearing at the date fixed, and consent to the hearing of her original petition.

The estate was undistributed and but partly administered at the death of the former administrator; some one had to be appointed, and it was immaterial to all who were interested in the estate whether the appointment was made on June 9th or June 18th, so long as the court had jurisdiction to make the appointment. It is true, as appellant claims, that an amended complaint in an ordinary action, supersedes the original complaint, but no new summons issues, and when served upon all the defendants the cause proceeds without interruption, the parties already being in court by service of the original complaint.

There was no objection made to the hearing on any ground except want of jurisdiction of the court. If the widow had in her amended petition set up some material facts, and objection had been made to her proving them, she might have insisted that the hearing stand over to the day fixed for hearing the amended petition. But she set up no material facts, and, besides, she, by consenting to the hearing, in effect waived her amended petition, and perhaps waived the right to prove any new material facts therein set up to which objection was made. There was, however, no such objection. There being no rights of any persons affected by her consent to the hearing, and all contesting parties being in court, we see no reason why it could not hear all the petitions at the time fixed. Of its jurisdiction to do so we have no doubt.

The order should be affirmed, and it is so advised.

Cooper, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

Van Dyke, J., Shaw, J., Angellotti, J.,
McFarland, J., Lorigan, J., Beatty, C. J.